UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:10-CV-00085-HRW

RAUL DIAZ-GARCIA, PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden, DEFENDANT

\*\* \*\* \*\* \*\* \*\*

Raul Diaz-Garcia, an individual who is currently incarcerated in the Federal Correctional Institution, in Ashland, Kentucky ("FCI-Ashland"), has submitted a prisoner, *pro se* civil complaint which the Court construes as one filed under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The complaint is now before the court for initial screening. 28 U.S.C. § 1915; McGore v. Wrigglesworth, 114 F.3d 601, 607-8 (6th Cir. 1997). The named defendant is J.C. Holland, Warden at FCI-Ashland. For the reasons set forth below, summons will be issued to the defendant.

**FACTUAL BACKGROUND**

Plaintiff states that while he was playing soccer in a soccer game at FCI-Ashland in September 2008, a soccer ball kicked by a player on the opposing soccer

team struck him in the head with such force that he was rendered unconscious temporarily. Plaintiff claims that upon regaining consciousness, he was disoriented, his vision was blurred, and he was unable to stand or walk for a while afterwards.

On December 22, 2008, plaintiff submitted an Inmate Sick Call Sign-Up Sheet, complaining of blurred vision and that "I am seeing only black spots out of one eye." See Exhibit 1 to Complaint [Doc. #2-1, p. 2]. Plaintiff stated that he had had this medical condition for about one month.

Apparently before plaintiff was actually seen or examined by a medical doctor, on January 2, 2009, ten days after submitting his Inmate Sick Call Sign-Up Sheet, plaintiff then submitted an Informal Resolution Attempt form to officials at FCI-Ashland, reiterating his medical problems and requesting to be seen by a specialist. Plaintiff was subsequently examined by the Clinical Director on January 6, 2009. On January 21, 2009, plaintiff's counselor and Unit Manager responded to his Informal Resolution Attempt, stating that his health care needs were currently being met and that there was no need for a consultation by an ophthalmologist at that time. See Exhibit 2 to Complaint [Doc. #2-2, pages 2-3]. Plaintiff's Unit Manager also advised him in this response that if there was any need for further consultation, it could be conducted through regular Sick Call or that plaintiff could discuss the matter with the Health Services Administrator. *Id.*

Not being satisfied with the response to his Informal Resolution Attempt, on January 29, 2009, plaintiff submitted an Inmate Request to the Warden, recounting his medical problems and again requesting to be evaluated by an ophthalmologist. On February 17, 2009, the Warden denied plaintiff's request for the following reasons:

> This is in response to your Administrative Remedy #524658-F1, in which you state you are experiencing problems with your left eye, more specifically, black lines that have been increasing by the day, following an injury from a soccer ball in September 2008. You are requesting to be seen by an Ophthalmologist.
>
> In response to your request your medical record was reviewed and revealed that of the nine visits you have made to Health Services since September 2008, your only complaint of visual problems came on October 3, 2008. In response to your complaint you were evaluated and found to have no serious eye problems pending. The exam showed that you had clear fundi, and no hemorrhaging or retinal detachments noted. However, since your visual acuity was greater than 20/40, you were referred to an Optometrist for further evaluation. On December 3, 2008, you were evaluated and in response to your continued complaint of "black floating things off and on for three months" and "stars, once in a while," the Optometrist's evaluation showed that you had neither tears, nor retinal detachments in either eye. You were reported to have vitreous floaters which is not uncommon. His only recommendation was to prescribe glasses in order to treat your refractive error. A pair of corrective eyeglasses have been ordered for you. No further clinical evaluation by another eye specialist is warranted.

See Exhibit 3 to Complaint [Doc. #2-3, page 3].

Plaintiff has pursued and exhausted his administrative remedies concerning his request for an evaluation by an ophthalmologist.

## RELIEF REQUESTED

In this action plaintiff seeks injunctive relief and his costs. Specifically, plaintiff requests to be evaluated by an ophthalmologist to diagnose and treat the visual problems which he believes resulted from being hit in the head by a soccer ball in September of 2008.

## DISCUSSION

To state a claim that is cognizable as a *Bivens* action under 28 U.S.C. § 1331, a plaintiff must plead and prove two essential elements. He must show, first, the deprivation of right(s) secured by the Constitution or laws of the United States and, second, that the Defendant allegedly depriving him of those rights acted under color of federal law. *Id.* at 397. Diaz-Garcia has properly alleged these two elements, and the exhibits to his complaint establish that he has exhausted his administrative remedies as to his claims of insufficient medical care or attention to his eye problem.

The Court concludes that due to plaintiff's allegations, further development of the record is warranted before the Court can fully assess this action. Consequently, the court will direct the issuance of summons for the named defendant to respond to the allegations in Diaz-Garcia's complaint.

As Diaz-Garcia has been granted pauper status, an officer of the court will serve process on his behalf pursuant to Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(d). The Clerk's Office and the Office of the United States Marshal ("USM Office"), therefore, will be directed to serve the summons and complaint as set forth below.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The named defendant in this action is J.C. Holland, Warden, in his official capacity.

2. The Clerk of Court shall prepare the documents necessary for service of process upon the defendant, J.C. Holland, Warden, FCI-Ashland.

3. The Clerk shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

a. a completed summons form;

b. the complaint [R. 2];

c. this Order; and

d. a completed U.S.M. Form 285.

4. Additionally, the Clerk shall make three sets of copies of the above-described documents, each set containing the following:

a. copies of all completed summons forms issued for the defendant;

b. copies of all completed U.S.M. Forms 285;

c. one copy of the Complaint and all attachments [Record No. 2]; and

d. one copy of this Order.

5. The Clerk shall present the Service Packet(s) and copies to the U.S.M. Office in Ashland, Kentucky.

6. Service of Process upon defendant J.C. Holland, Warden, shall be conducted by the U.S.M. Office in Ashland, Kentucky, by serving a Service Packet personally to him through arrangement with the Federal Bureau of Prisons. The U.S.M. Office is responsible for ensuring that defendant is successfully served with process. In the event that an attempt at service upon defendant is unsuccessful, the U.S.M. Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7. The U.S.M. Office must complete service on the named defendant by serving the copies described in above paragraph 4 by certified or registered mail to:

a. one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

b. one set to the Office of the Attorney General of the United States in Washington, D.C.; and

c. one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

8. The plaintiff SHALL:

a. Immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

b. Communicate with the court solely through notices or motions filed with the Clerk's Office. The court will disregard correspondence sent directly to the judge's chambers.

c. In every notice, motion, or paper filed with the court, certify in writing that he has mailed a copy to the defendant (or his attorney) and state the date of mailing. The court will disregard any notice or motion which does not include this certification.

This 18th day of July, 2011.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE